**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LUIS CORDOVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:25-cv-03037-TLP-jay |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO CLARIFY ORDER AND ENFORCE JUDGMENT AND DENYING AS MOOT MOTION TO EXPEDITE RULING**

Petitioner Luis Cordova moves the Court to clarify its earlier Order Granting his Petition for Writ of Habeas Corpus. (ECF No. 31 at PageID 160; *see also* ECF No. 29 at PageID 143.) And he moves the Court to enforce its Judgment because, months after the Court entered its Order, immigration officials redetained him. (ECF No. 31 at PageID 160.) But Petitioner misreads the Court's Order and his redetention does not violate its terms.

On December 18, 2025, the Court granted Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 29 at PageID 143.) The Court specifically required Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(c)(8), (d)(1) within seven days of the Order. (*Id.* at PageID 158.) And it ordered Respondent to release Petitioner pending the bond hearing, and to refrain from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). (*Id.*)

Petitioner acknowledges that "Respondent[] promptly released" him, and "as they did not provide a bond hearing, he remained at liberty." (ECF No. 31 at PageID 161.) But "ten months

later, on September 10, 2026," Respondent "redetained him." (*Id.*)

On September 21, 2026, Petitioner moved the Court to clarify its Order and enforce its Judgment. (*Id.* at PageID 160.) He claims that Respondent summarily redetained him in violation of the Court's Order Granting his Petition. (*Id.*) And in his view, Respondent violated the Court's Order by redetaining him without providing him a pre-deprivation hearing and by redetaining him "absent an adverse material change in circumstances." (*Id.*)

Respondent counters that immigration officials redetained Petitioner because of a "federal violation and material change in his criminal history." (ECF No. 33 at PageID 170 (citation modified).) He refers to Petitioner's entry of a guilty plea to the "federal offenses of attempted escape from custody and improper entry by an alien." (*Id.*)

What is more, Respondent explains that while officials served on Petitioner a notice of custody determination informing him of his detention under 8 U.S.C. § 1226, Petitioner refused to sign it or to request custody review by an immigration judge. (*Id.*) Respondent claims that Petitioner has yet to request a custody determination hearing or a bond hearing before an immigration judge. (*Id.*)

In his Reply, Petitioner asks the Court to "confirm that the upshot of its Order was that, after the seventh day, [] Respondent must, prior to redetaining Cordova, hold a pre-detention bond hearing and prove that his circumstances have materially changed such that he now presents a flight risk or danger." (ECF No. 34 at PageID 189.) He explains at length that "the change in circumstances from December 2025 to September 2026 was actually favorable." (*Id.* at PageID 190.) And he implies that Respondent's "decision to redetain Cordova was made on the fly by a lone employee thinking something like 'The computer shows a federal conviction in May 2026, so I'm going to detain him.'" (*Id.*)

Petitioner has failed to show that Respondent violated the Court's Order. First, the Court ordered Respondent to provide Petitioner with a bond hearing within seven days of the Order's entry and to release him pending the bond hearing. (ECF No. 29 at PageID 158.) And as Petitioner recognizes, "Respondent[] promptly released him" and did so without requiring him to attend a bond hearing. (*See* ECF No. 31 at PageID 161.)

Second, the Court's Order required Respondent to provide him a bond hearing within seven days and not to redetain him under 28 U.S.C. § 1225(b)(2)(A). (ECF No. 29 at PageID 158.) Respondent complied by releasing Petitioner and by not redetaining him under 28 U.S.C. § 1225(b)(2)(5). (*See* ECF No. 31 at PageID 161 (explaining that Respondent "promptly released" Petitioner); ECF No. 33 (noting that Respondent has "detained Petitioner based on 8 U.S.C. § 1226(a)" in compliance with *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026)).)

The Court went no further in its Order and will not retroactively enlarge the scope of its Judgment. (*See* ECF No. 29 at PageID 158; ECF No. 30.) The Court also did not condition the requirements in its Order on favorable or adverse changes in Petitioner's flight risk. (*Compare* ECF No. 29 at PageID 158, *with* ECF No. 31 at PageID 161 ("An ICE employee wrote that the reason [for redetaining Petitioner] was a 'federal violation' and a 'material change in his criminal history.'" (citation modified)).) So while Petitioner urges the Court to probe Respondent's justification for redetaining him, he has failed to show how that could amount to a violation of the Court's Order. (*See, e.g.*, ECF No. 31 at PageID 161.)

Petitioner may petition again for a writ of habeas corpus. In such a petition, he could raise arguments challenging the legality of his detention. But as for his arguments here, they fail to justify the relief he seeks.

The Court thus **DENIES** Petitioner's Motion to Clarify Order and Enforce Judgment, and it **DENIES AS MOOT** Petitioner's Motion to Expedite Ruling.

**SO ORDERED**, this 23rd day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE